PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

DIRECT DIAL: 212-373-3250
EMAIL: LREISNER@PAULWEISS.COM

BEIJING
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO

TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

May 13, 2024

**Via ECF**
Honorable Lee G. Dunst
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

   **Re:** *Myers* v. *County of Nassau, et al.*, **22-cv-07023-OEM-LGD**

Dear Magistrate Judge Dunst:

   This letter is submitted in further support of Plaintiff's motion to compel and in response to the supplemental letter ("Supplemental Letter") submitted by Defendants on May 6, 2024. For the reasons set forth in Plaintiff's section of the April 23, 2024 letter to the Court, the Court should grant Plaintiff's motion to compel Defendants to produce: (i) the background investigation General Review Reports for each applicant to the NCPD during the 2018 exam cycle, including the race of such applicants, (ii) documents concerning claims or allegations of racial discrimination by those seeking employment with the NCPD in connection with the 2018 exam cycle; and (iii) documents concerning internal investigations into alleged racially discriminatory or racially motivated conduct related to the NCPD's hiring practices in connection with the 2018 exam cycle (the "Requested Materials"). The attempt by Defendants to limit each of these requests to documents that involve "motor vehicle infractions" or "motor vehicle violations" should be rejected.

   Nothing in the Supplemental Letter supports such a limitation. First, the Supplemental Letter continues to miscast the claims in the Complaint and Defendants' obligations to produce documents in accordance with Rule 26 of the Federal Rules of Civil Procedure. Plaintiff's claims are not limited to discrimination involving NCPD applicants who had prior traffic and/or motor vehicle violations. The Complaint alleges long-standing and pervasive discrimination in the hiring of Nassau County Police Officers through a variety of means and methods, particularly in the highly-subjective background investigation process. *See, e.g.*, Compl. ¶¶ 7–9, 92–110. Plaintiff is entitled to documents and communications related to all applicants, and not just those who had "prior traffic and/or motor vehicle violations." *See Klein* v. *Brookhaven Health Care Fac.*, 2022 WL 19567888, at *2 (E.D.N.Y. Mar. 2, 2022) ("The purpose of discovery here is . . . to help identify the universe of proper comparators," and "[p]ending discovery, the Court is not

in a position to hold that [] persons are necessarily improper comparators."). Plaintiff expects that the Requested Materials not yet produced will continue to yield evidence of pervasive discrimination, including that white applicants with more serious background issues were hired and that non-white applicants with less serious background issues were improperly disqualified from the hiring process.[1]

Second, even if this discovery related to what Defendants are calling "broader class discovery," Defendants have provided no basis to withhold these documents. Defendants argue that Plaintiff's current document requests would be "unduly burdensome" because it "would require Defendants to . . . review and redact an *additional* 499 General Review Reports," which require "careful redactions," and "determine the race of each applicant" and "provide a correlation chart identifying the same." Supp. Ltr. at 2. Since the General Review Reports generally consist of 3-4 pages, there is no proper basis to assert any undue burden. It would involve the review of fewer than 500 documents totaling fewer than 2,000 pages. Indeed, Defendants' recent production of 557 General Review Reports, which Defendants accomplished within seven days as required by the Court, was a more extensive and time consuming exercise than the balance of what Plaintiff requests here. That production required Defendants to single out the reports of applicants who had prior traffic and/or motor vehicle violations, while no such filtering would be necessary here. Defendants cannot explain why this less extensive production would be so burdensome as to mandate the Court's intervention.

Unable to generate a persuasive argument on burden, Defendants pivot to contending that class discovery must be stayed because Plaintiff's future requests *could be* unduly burdensome. Specifically, Defendants complain that Plaintiff's limitation to "documents pertaining to the 2018 examination cycle . . . is both temporary and conditional," and Plaintiff could renew his request for the "background investigate reports concerning NCPD applicants," which would require reviewing and redacting hundreds of thousands of pages. Supp. Ltr. at 2. To confirm what Defendants concede, Plaintiff has, for now, limited his requests to the 2018 examination cycle.[2] Further, counsel for Plaintiff remains willing to work with Defendants to reduce the burden on any future request, as we have throughout the discovery process. In any event, the Court did not ask about the burden of future requests or what "Defendants **could be** required to review." *Id.* (emphasis added); *see* Order (requesting "additional detail regarding the claimed burden associated with Plaintiff's **current document requests**") (emphasis added). As it stands,

---

[1]    Even with respect to the initial set of General Review Reports produced, Plaintiff is already identifying significant biased decision-making in the background investigation process. One white applicant was hired despite the applicant's pleading guilty to driving while impaired (DWI), arrest for unlawful possession of marijuana, and prior use of an unlawful substance, which the applicant "forgot" to disclose to investigators, among other infractions. *See* NASSAU-00008237, -39. Another white applicant hired by NCPD had a prior speeding violation, admitted to using marijuana, and failed to disclose to investigators that the applicant was required to attend a "Substance Abuse Education Course" because the applicant "didn't think it was a big deal." NASSAU-00008235, -36.

[2]    As discussed with Defendants, Plaintiff does not intend to seek discovery related to the 2012 examination cycle until a ruling on the pending motion to dismiss.

Defendants' argument is premature insofar as it seeks relief from the burden of producing documents that are not currently being requested.

Finally, it is worth pointing out that Defendants' complaint that Plaintiff has not produced any documents to date, *see* Supplemental Letter at 1; *id.* at 1 n.1, is not only unresponsive to the Order, but also self-serving in its omissions. Defendants did not serve any discovery requests on Plaintiff until March 20, 2024, and Plaintiff served his responses and objections to those discovery requests on April 19, 2024. On May 1, 2024, the parties held a meet and confer regarding those responses and objections, and Plaintiff subsequently confirmed to Defendants that an initial set of documents will be produced by May 24, 2024.

For these reasons, and the reasons outlined in Plaintiff's April 23 motion to compel, Plaintiff respectfully requests that Defendants' motion to stay relevant discovery be denied and that Plaintiff's motion to compel Defendants to produce the Requested Materials be granted.

Respectfully yours,

Lorin L. Reisner