UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

JHISAIAH MYERS, on behalf of himself and all others : 
similarly situated,                                  : 
                                                     : 
                                 Plaintiff,          :        Civil Action No.: 22-cv-7023
                                                     : 
                v.                                   : 
                                                     : 
COUNTY OF NASSAU, NASSAU COUNTY CIVIL                : 
SERVICE COMMISSION, and NASSAU COUNTY                : 
POLICE DEPARTMENT,                                   : 
                                                     : 
                                 Defendants.         : 

-------------------------------------------------------------------- x

### DEFENDANT COUNTY OF NASSAU'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant County of Nassau ("Defendant"),[1] by its undersigned attorneys, hereby answers

the Complaint filed by Plaintiff Jhisaiah Myers ("Myers" or "Plaintiff") as follows:

### RESPONSE TO PRELIMINARY STATEMENT

1.      Answering the allegations in paragraph "1" of the Complaint, Defendant avers that

on May 2, 2012, while driving a motor vehicle he owned, Plaintiff was stopped at a police check

point in Nassau County, where he was issued numerous traffic tickets.  According to Plaintiff's

own statement: "I politely asked why, and the police officer said ***for the tinted windows and the***

***tinted color covers on the plates.***" (emphasis added).  According to his own statement, at that time,

Plaintiff did not know that in Nassau County you cannot drive with tinted windows or dark license

---

[1] By Memorandum and Order of the Hon. Orelia E. Merchant dated August 6, 2024 ("Order"), the Court dismissed the Nassau County Civil Service Commission ("CSC") and Nassau County Police Department ("NCPD") from the Action.  *See* ECF Docket Entry ("DE") 60 and Order attached hereto as **Exhibit A**. The Order discusses the various distinct phases of the hiring process for the hiring cycles following the 2012 and 2018 written examinations.  The terms used in the Order and in the Complaint are used throughout this Answer.

plate covers.  But, once Plaintiff knew on May 2, 2012, "[t]hat you cannot drive with tinted windows or dark plate covers," Plaintiff chose not to comply with the law by concededly continuing to drive his car, with tinted windows and license plate covers, in Nassau County. Plaintiff knowingly and consciously continued to violate the law.  And so, on August 6, 2012, Plaintiff was again stopped by police in Nassau County and again ticketed for tinted windows and plate covers.  Subsequently, when he applied to become a Nassau County police officer, Plaintiff was disqualified because of his "pattern of disrespect for the process of law and order as evidenced by [his] motor vehicle record."  The disqualification of Plaintiff was in all respects proper and lawful.  For three months, Plaintiff operated a motor vehicle he knew to be in violation of law and, as his actions demonstrate, Plaintiff would have continued break the law had he not been ticketed again.  Each day Plaintiff failed to remove the tint from his windows and uncover his license plate demonstrated his disrespect for the process of law and order.

The decision to disqualify Plaintiff had nothing to do with his race and was nondiscriminatory.  In appealing the disqualification decision, Plaintiff never once suggested there was any discriminatory motive involved in the disqualification.  Only when these appeals failed did this lawsuit follow.  Plaintiff's driving record evidences a willful, ongoing disrespect for the process of law and order and that is why he was disqualified.  Answering paragraph "1" of the Complaint, Defendant denies that it engaged in any unlawful conduct, including as it relates to engaging in "invidious racial discrimination . . . in the hiring of police officers in Nassau County." The remaining allegations in paragraph "1" state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph "1" of the Complaint.  Defendant denies any remaining allegations not expressly set forth herein. Moreover, as set forth in Defendant's Second Affirmative Defense, Plaintiff's claims are barred,

in whole or in part, because Plaintiff lacks individual and class standing to challenge portions of the post-exam process he "either passed or did not experience at all." *See* Order (Ex. A), at 9. Specifically, Plaintiff lacks individual and class standing to challenge, on behalf of himself and the putative class, any portion of the hiring process other than the background investigation stage of the 2018 hiring cycle disqualification based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record, and this Court lacks jurisdiction in this lawsuit to hear and decide any other claim. Without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is deprived of due process in violation of the United States Constitution while at the same time divesting this Court of any jurisdiction to proceed. There are no viable allegations before this Court specifying what particular employment practice of Defendant purportedly resulted in the statistics alleged or unlawful discrimination in hiring, and there are no viable allegations with respect to any of the elements of Rule 23 of the Federal Rules of Civil Procedure ("Rules"). As a result, there is no case or controversy before this Court with respect to these matters.

2.      Denies the allegations in paragraph "2" of the Complaint and incorporates herein paragraphs "1" through "167" of this Answer and all Affirmative Defenses as if set forth in full.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "3" of the Complaint, except admits Plaintiff applied to become a Nassau County police officer and that he passed the 2018 written examination and physical agility test, and that he was lawfully and non-discriminatorily disqualified because of a disrespect for the process of law and order as evidenced by his motor vehicle record. Defendant denies all allegations not expressly admitted herein.

4.      Denies the allegations in paragraph "4" of the Complaint, except admits Plaintiff was lawfully disqualified from the 2018 hiring process because his motor vehicle record evidenced a pattern of disrespect for the process of law and order and incorporates herein paragraphs "1" through "167" of this Answer as if set forth in full.

5.      Denies the allegations in paragraph "5" of the Complaint that the reason for Plaintiff's disqualification was "obviously pretext," and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's employment with the New York City Police Department ("NYPD") and respectfully refers to paragraph "1" of this Answer.

6.      Denies the allegations in paragraph "6" of the Complaint, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide, the claims alleged in paragraph "6" other than with respect to the 2018 hiring cycle background investigation phase disqualifications based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

7.      Denies the allegations in paragraph "7" of the Complaint, except admits Plaintiff obtained through Freedom of Information Law ("FOIL") documents reflecting certain hiring data and respectfully refers the Court to that data for its contents.  To the extent Plaintiff purports to rely on any data from the 2012 hiring process, Defendant denies that such data is relevant to the Action in light of the Order, and avers that Plaintiff lacks standing to assert, and this Court lacks jurisdiction to hear and decide in this lawsuit, any allegations not relating to the 2018 hiring cycle background investigation phase disqualification based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record, and further avers that Plaintiff's allegation that the Nassau County "police force [should] more clearly reflect the demographics of

the County" is an unconstitutional effort to impose racial hiring quotas on the County in violation of the United States and New York State Constitutions.

8.      Denies the allegations in paragraph "8" of the Complaint.

9.      Denies the allegations in paragraph "9" of the Complaint, except admits Plaintiff purports to rely on certain documents obtained through FOIL and respectfully refers the Court to those documents for their contents.  To the extent Plaintiff purports to rely on any data from the 2012 hiring process, Defendant denies that such data is relevant to the Action in light of the Order, and avers that Plaintiff lacks standing to assert, and this Court lacks jurisdiction to hear and decide in this lawsuit, any allegations not relating to the 2018 hiring cycle background investigation phase disqualification based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record, and further avers that Plaintiff's allegation that the "police force [should] more clearly reflect the demographics of the County" is an unconstitutional effort to impose racial hiring quotas on Defendant in violation of the United States and New York State Constitutions.

10.      Denies the allegations in paragraph "10" of the Complaint, except admits that in 1977, the United States Department of Justice ("DOJ") commenced an action against Defendant and others in the United States District Court for the Eastern District of New York, entitled *U.S. v. Nassau Cty. Pol. Dep't*, 77-cv-01881 ("1977 Action"), which involved a challenge to the NCPD written examination, and respectfully refers the Court to the docket in the 1977 Action for its contents.

11.      Denies the allegations in paragraph "11" of the Complaint, except admits the existence of the consent decree ("Consent Decree") and respectfully refers the Court to that document for its contents.

12.     Denies the allegations in paragraph "12" of the Complaint, except admits the Consent Decree imposes on Defendant certain obligations and reporting requirements, and respectfully refers the Court to the Consent Decree for its contents.

13.     Denies the allegations in paragraph "13" of the Complaint, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims concerning employment by Defendant other than with respect to the 2018 hiring cycle background investigation phase disqualification based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

14.     Denies the allegations in paragraph "14" of the Complaint, except admits *Newsday* published on May 27, 2021, a report entitled "6,539 Black people tried to become police officers on LI. Only 67 were hired" ("*Newsday* Report") and, without conceding the accuracy of the statements or statistics therein, respectfully refers the Court to the *Newsday* Report for its contents, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit any claims concerning employment by Defendant other than with respect to the 2018 hiring cycle background investigation phase disqualification based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

15.     Denies the allegations in paragraph "15" of the Complaint, except admits the existence of the *Newsday* Report and, without conceding the accuracy of the statements or statistics therein, respectfully refers the Court to that document for its contents.

16.     Denies the allegations in paragraph "16" of the Complaint and avers that the allegations of paragraph "16" seek to impose on Defendant racial quotas in hiring in violation of the New York State and United States Constitutions.  Defendant further avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit any claims

concerning employment by Defendant other than with respect to the 2018 hiring cycle background investigation phase disqualification based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

17.    Denies the allegations in paragraph "17" of the Complaint, except admits Commissioner Ryder participated in an interview with *Newsday* and respectfully refers the Court to the full interview for its contents.

18.    Denies the allegations in paragraph "18" of the Complaint.

## **RESPONSE TO JURISDICTION**

19.    Paragraph "19" of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations in paragraph "19" of the Complaint and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction in this lawsuit to hear and decide, any claims concerning Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than as to decisions rendered during the background investigation phase of the 2018 hiring cycle to disqualify applicants based on a pattern of disrespect for the process of law and order as evidenced by their motor vehicle records.

20.    Paragraph "20" of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations in paragraph "20" of the Complaint, and respectfully refers to and incorporates herein paragraph "19" of this Answer.

**RESPONSE TO VENUE**

21.     Paragraph "21" of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations in paragraph "21" of the Complaint.

**RESPONSE TO PARTIES**

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Complaint and denies that the "proposed class includes all non-white applicants to become police officers in Nassau County who were disqualified from consideration by Defendants during the post-exam process (the "Class")." As a result of the Order (*see* DE 60; *see also* Ex. A), which "significant[ly] narrow[ed]" the putative class for which Plaintiff has standing to represent, Plaintiff lacks standing to represent the Class alleged in paragraph "132," and the Complaint fails to allege a class consistent with the Order. Defendant respectfully refers to and incorporates herein paragraph "19" of this Answer.

23.     Denies the allegations in paragraph "23" of the Complaint, except admits Defendant is a municipality of the State of New York that oversees and controls several departments, agencies, and employees. The allegation in paragraph "23" of the Complaint that the "County is an employer within the definition of the New York State Executive Law" states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant admits it is an employer and employs over 15 employees.

24.     As a result of the Order, the CSC was dismissed from the Action and is no longer a party. Therefore, no responsive pleading is required. To the extent a responsive pleading is required, Defendant admits the allegations in paragraph "24" of the Complaint, except denies that the CSC operates pursuant to the "Nassau County Rule Book" and avers that, in addition to the

New York State Constitution and Civil Service Law, the CSC operates pursuant to the Nassau County Civil Service Commission Rules.

25.     As a result of the Order, the NCPD was dismissed from the Action and is no longer a party.  Therefore, no responsive pleading is required.  Moreover, the allegation in paragraph "25" of the Complaint that the NCPD "is an employer within the definition of the New York State Executive Law" states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant admits that the NCPD is an agency of the County of Nassau with over 15 employees.

## RESPONSE TO FACTUAL ALLEGATIONS

### Background

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "28" of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "30" of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "31" of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "33" of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "35" of the Complaint.

<u>Discrimination Against Officer Myers</u>

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "36" of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "37" of the Complaint.

*Application to Become a Nassau County Police Officer*

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "38" of the Complaint, except admits Plaintiff registered in 2017 for the NCPD written examination.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "39" of the Complaint, except admits Plaintiff took the written civil service examination in 2018, which he passed, and was placed on a corresponding list of candidates eligible to continue the hiring process ("Eligibility List"), and avers that the applicant pool and Eligibility List were both diverse and their contents consistent with and in furtherance of the purposes of the Consent Decree.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the Complaint, except admits Plaintiff was selected to continue with the hiring process and took and passed the physical agility test.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "41" of the Complaint, except admits Plaintiff underwent a background investigation conducted by a white investigator in the NCPD Applicant Investigation Unit ("AIU").

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "42" of the Complaint, except admits Plaintiff disclosed he received at least 13 traffic tickets between July, 2011 and August, 2012, and respectfully refers the Court to the traffic tickets identified in Plaintiff's background file for their contents, and incorporates herein paragraph "1" of this Answer as if set forth in full.

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "43" of the Complaint, and respectfully refers to and incorporates herein paragraph "42" of this Answer as if set forth in full.

44.    Denies the allegations in paragraph "44" of the Complaint, except admits Plaintiff's record showed Plaintiff had no arrests, criminal convictions, or gang affiliations.

45.    Denies the allegations in paragraph "45" of the Complaint.

*Disqualification by Defendants*

46.    Admits the allegations in paragraph "46" of the Complaint and respectfully refers the Court to the disqualification letter for its contents.

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "47" of the Complaint, except admits Plaintiff had no arrests or criminal

convictions on his record, and denies Plaintiff had no problematic employment history, and incorporates herein paragraph "1" of this Answer as if set forth in full.

48.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "48" of the Complaint.

49.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "49" of the Complaint.

*Appeal of Defendants' Disqualification*

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "50" of the Complaint.

51.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "51" of the Complaint.

52.    Denies the allegations in paragraph "52" of the Complaint, except admits the CSC did not solicit additional information from Plaintiff or "bring him in for a meeting to discuss his qualifications."

*Continued Pursuit of Employment as a Nassau County Police Officer*

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "53" of the Complaint.

54.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "54" of the Complaint, except admits the Freeport Police Department is a smaller, local police force that draws recruits from a list of eligible candidates generated by the CSC.  Defendant denies the allegations in footnote "2" of the Complaint.

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "55" of the Complaint.

56.    Admits Plaintiff sent a second appeal letter to the CSC, to which the CSC responded on or about December 13, 2021, and respectfully refers the Court to the CSC's response for its contents, and otherwise denies the allegations contained in paragraph "56" of the Complaint.

*Comparison to Defendants' Treatment of White Applicants*

57.    Denies the allegations in paragraph "57" of the Complaint.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "58" and in footnote "3" of the Complaint, and avers that hiring decisions purportedly made in connection with the 2012 hiring process are not relevant to the Action in light of the Order, and further avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claim by Plaintiff arising out of or in connection with any phase of the 2012 or 2018 hiring cycles except as to disqualifications based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record at the 2018 cycle background investigative phase.

59.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "59" of the Complaint, and avers that hiring decisions purportedly made in connection with the 2012 hiring process are not relevant to the Action in light of the Order, and further avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claim by Plaintiff arising out of or in connection with any phase of the 2012 or 2018 hiring cycles except as to disqualifications based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record at the 2018 cycle background investigative phase.

60.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "60" of the Complaint, and avers that hiring decisions purportedly made

in connection with the 2012 hiring process are not relevant to the Action in light of the Order, and further avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claim by Plaintiff arising out of or in connection with any phase of the 2012 or 2018 hiring cycles except as to disqualifications based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record at the 2018 cycle background investigating phase.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "61" of the Complaint, and avers that hiring decisions purportedly made in connection with the 2012 hiring process are not relevant to the Action in light of the Order, and further avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claim by Plaintiff arising out of or in connection with any phase of the 2012 or 2018 hiring cycles except as to disqualifications based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record at the 2018 cycle background investigative phase.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "62" of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "63" of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "64" of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "65" of the Complaint and incorporates herein paragraph "1" of this Answer as if set forth in full.

66.     Denies the allegations in paragraph "66" of the Complaint and incorporates herein paragraph "1" of this Answer as if set forth in full.

*Application to the NYPD*

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "67" of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "68" of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "69" of the Complaint.

*Offer of Employment by the NYPD*

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "70" of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "71" of the Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "72" of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "73" of the Complaint, except denies that Defendant discriminated against Plaintiff.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "74" of the Complaint, except denies the allegation that Plaintiff's purported "concern" of future discrimination is "all too well-founded."

<u>Defendants' History of Discriminatory Hiring Practices</u>

75.     Denies the allegations in paragraph "75" of the Complaint, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

*The Consent Decree*

76.     Denies the allegations in paragraph "76" of the Complaint, except admits the DOJ filed the 1977 Action, which concerned the written examination, and respectfully refers the Court to the complaint in the 1977 Action for its contents, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

77.     Denies the allegations in paragraph "77" of the Complaint, except admits the Court entered the Consent Decree on or about April 21, 1982, and respectfully refers this Court to the Consent Decree for its contents, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

78.    Answering paragraph "78" of the Complaint, admits the existence of the Consent Decree and respectfully refers the Court to the Consent Decree for its contents, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

79.    Answering paragraph "79" of the Complaint, admits the existence of the Consent Decree and respectfully refers the Court to the Consent Decree for its contents, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

80.    Answering paragraph "80" of the Complaint, admits the existence of the Consent Decree and respectfully refers the Court to the Consent Decree for its contents, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

81.    Answering paragraph "81" of the Complaint, admits the existence of the Consent Decree and respectfully refers the Court to the Consent Decree for its contents, and avers that

Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

82.    Answering paragraph "82" of the Complaint, admits the existence of the Consent Decree and respectfully refers the Court to the Consent Decree for its contents, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

83.    Answering paragraph "83" of the Complaint, admits the existence of the Consent Decree and respectfully refers the Court to the Consent Decree for its contents, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

84.    Answering paragraphs 84(a) through (d) of the Complaint, admits the existence of the Consent Decree and that it imposes upon Defendant certain reporting obligations, and respectfully refers the Court to the Consent Decree for its contents, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with

respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

85.    Answering paragraph "85" of the Complaint, admits the existence of the Consent Decree and that it imposes on Defendant certain recordkeeping requirements, and respectfully refers the Court to the Consent Decree for its contents, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

86.    Answering paragraph "86" of the Complaint, admits the existence of the Consent Decree and respectfully refers the Court to the Consent Decree for its contents, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycle other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

*Defendants' Abject Failure to Comply with the Consent Decree*

87.    Denies the allegations in paragraph "87" of the Complaint, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record, and incorporates herein paragraph "1" of this Answer as if set forth in full.

88.     Denies the allegations in paragraph "88" of the Complaint, except admits Plaintiff purports to rely on certain census data and, without conceding the accuracy of such data or the conclusions drawn therefrom, respectfully refers the Court to the data relied upon by Plaintiff for its contents, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of paragraph "88" seek to impose on Defendant racial quotas in hiring which are unlawful under the New York State and United States Constitutions.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "89" of the Complaint, except admits Plaintiff purports to reference, without citation, an alleged report from *Gothamist* and, without conceding the accuracy of the alleged report or data therein, respectfully refers the Court to the uncited *Gothamist* report for its contents, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of paragraph "89" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions.

90.     Denies the allegations in paragraph "90" of the Complaint, except admits Plaintiff purports to rely on certain, unidentified data and, without conceding the accuracy of such data or

the conclusions drawn therefrom, respectfully refers the Court to the data relied upon by Plaintiff for its contents, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations of paragraph "90" seek to impose on Defendant racial quotas in hiring which are unlawful under the New York State and United States Constitutions.

91.     Denies the allegations in paragraph "91" of the Complaint, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations of paragraph "91" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions.

*Defendants' Hiring Process for Police Officers*

92.     Denies the allegations in paragraph "92" of the Complaint, except admits the NCPD hiring process is comprised of multiple steps. For each allegation in subparagraphs (a) through (m) of paragraph "92," Defendant denies the allegation that any purported lack of diversity among NCPD officers "results from a discriminatory hiring process" and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of

21

disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations of paragraph "92" seek to impose on Defendant racial quotas in hiring which are unlawful under the New York State and United States Constitutions. In addition to the foregoing general denial, Defendant responds to each specific subparagraph as follows, incorporating by reference paragraph "1" of this Answer as if fully set forth herein:

(a)    Written Examination.  As a result of the Order, Plaintiff lacks standing to challenge portions of the hiring process he "either passed or did not experience at all" (Ex. A, at 9), including the written examination.  And so, a responsive pleading to paragraph "92(a)" is not required.  Without prejudice to the foregoing, and, to the extent a response is required, Defendant admits the allegations in paragraph "92(a)" of the Complaint.

(b)    Physical Agility Test.  As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the physical agility test.  And so, a responsive pleading to paragraph "92(b)" is not required.  Without prejudice to the foregoing, and to the extent a response is required, Defendant denies the allegations in paragraph "92(b)" of the Complaint, except admits that applicants who are selected from the Eligibility List for further processing are invited to participate in the physical agility test, comprised of push-ups, sit-ups, and a timed 1.5-mile run.

(c)    As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the physical agility test.  And so, a responsive pleading to paragraph "92(c)" is not required.  Without prejudice to the foregoing, and to the extent a response is required, Defendant denies the allegations in paragraph "92(c)" of the Complaint, except admits push-ups are a component of the physical agility test and respectfully refers the Court to the NCPD push-up protocol for its contents.

(d)      As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the physical agility test.  And so, a responsive pleading to paragraph "92(d)" is not required.  Without prejudice to the foregoing, and to the extent a response is required, Defendant denies the allegations in paragraph "92(d)" of the Complaint, except admits sit-ups are a component of the physical agility test and respectfully refers the Court to the NCPD sit-up protocol for its contents.

(e)      Answering paragraph "92(e)," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of paragraph "92(e)" seek to impose on Defendant racial quotas in hiring which are unlawful under the New York State and United States Constitutions.  Without prejudice to the foregoing, Defendant admits the allegations in paragraph "92(e)" of the Complaint.

(f)      Answering paragraph "92(f)" avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "92(f)" of the Complaint, except admits an investigator from the AIU meets with the applicant and their references, conducts a background investigation of the applicant, and drafts a report ("General Review Report"), summarizing the investigator's findings without disclosing the applicant's race.

(g)      Answering paragraph "92(g)," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "92(g)" of the Complaint, except admits the General Review Reports—which do not disclose an applicant's race—are provided to the Civil Service Commissioners, who then review the reports and determine whether to permit the applicant to proceed with the post-exam process.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in footnote "6" of the Complaint.

(h)      Post-Investigation Steps.  As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the post-investigation steps identified in paragraph "92(h)" of the Complaint. And so, a responsive pleading to paragraph "92(h)" is not required.  Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "92(h)" of the Complaint, except admits applicants who pass the background investigation are permitted to participate in post-investigation steps, including a polygraph examination, psychological evaluation, and medical examination.

(i)      Polygraph. As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the polygraph examination. And so, a responsive pleading to paragraph "92(i)" is not required.  Without prejudice to the foregoing, to the extent a response is required, Defendant denies

the allegations in paragraph "92(i)" of Complaint, except admits failing a polygraph examination is not *per se* disqualifying.

(j)     *Psychological and Medical Examination.*  As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the psychological evaluation and medical examination. And so, a responsive pleading to paragraph "92(j)" is not required.  Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "92(j)" of the Complaint.

(k)     As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the medical examination. And so, a responsive pleading to paragraph "92(k)" is not required.  Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "92(k)" of the Complaint, except admits Defendant follows the standards set forth by the Municipal Police Training Commission ("MPTC Standards") in determining whether an applicant satisfies requisite medical standards, and respectfully refers the Court to the MPTC Standards for their contents.

(l)     As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the psychological evaluation. And so, a responsive pleading to paragraph "92(l)" is not required. Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "92(l)" of the Complaint, except admits Defendant follows the MPTC Standards in determining whether an applicant satisfies requisite psychological standards, and

further admits Defendant utilizes the Minnesota Multiphasic Personality Inventory ("MMPI"), and respectfully refers the Court to the MPTC Standards and MMPI for their contents.

(m)   Selection for the Academy.   Answering paragraph "92(m)," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.   Without prejudice to the foregoing, Defendant admits the allegations in paragraph "92(m)" of the Complaint.

93.   Answering paragraph "93," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.   Defendant further avers that the allegations of paragraph "93" seek to impose on Defendant racial quotas in hiring which are unlawful under the New York State and United States Constitutions.   Without prejudice to the foregoing, Defendant denies the allegations in paragraph "93" of the Complaint.   In addition to the foregoing general denial, Defendant responds to subparagraphs (a) through (j) as follows:

(a)   As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the physical agility test.   And so, a responsive pleading to paragraph "93(a)" is not required.   Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "93(a)" of the Complaint.

(b)     Answering paragraph "93(b)," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of paragraph "93(b)" seek to impose on Defendant racial quotas in hiring which are unlawful under the New York State and United States Constitutions.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "93(b)" of the Complaint.

(c)     Answering paragraph "93(c)," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of paragraph "93(c)" seek to impose on Defendant racial quotas in hiring which are unlawful under the New York State and United States Constitutions.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "93(c)" of the Complaint.

(d)     Answering paragraph "93(d)," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of paragraph "93(d)" seek to impose on Defendant racial quotas in hiring which are unlawful under the New York State and United States Constitutions.  Without

prejudice to the foregoing, Defendant denies the allegations in paragraph "93(d)" of the Complaint, except admits the General Review Reports contain a candidate's name and address.

(e)     Answering paragraph "93(e)," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "93(e)" of the Complaint.

(f)     Denies the allegations in paragraph "93(f)" of the Complaint and avers Plaintiff lacks standing to bring, and this Court lacks jurisdiction hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.

(g)     As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the psychological evaluation.  And so, a responsive pleading to paragraph "93(g)" is not required. Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "93(g)" of the Complaint.

(h)     As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the psychological evaluation.  And so, a responsive pleading to paragraph "93(h)" is not required.

Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "93(h)" of the Complaint.

(i)    Answering paragraph "93(i)," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "93(i)" seek to impose on Defendant racial quotas in hiring which are unlawful under the New York State and United States Constitutions.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "93(i)" of the Complaint.

(j)    Answering paragraph "93(j)," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "93(j)" seek to impose on Defendant racial quotas in hiring which are unlawful under the New York State and United States Constitutions.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "93(j)" of the Complaint.

94.    Answering paragraph "94," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that

the allegations in paragraph "94" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions. Without prejudice to the foregoing, Defendant denies the allegations in paragraph "94" of the Complaint.

*The 2012 Hiring Exam*

95.    As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the entirety of the 2012 post-exam process. And so, a responsive pleading to paragraph "95" is not required. Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "95" and footnote "7" of the Complaint, except admits Plaintiff purports to rely on certain statistical data, the accuracy of which Defendant does not concede, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring, and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.

96.    As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (DE 60, at 9), including the entirety of the 2012 post-exam process. And so, a responsive pleading to paragraph "96" is not required. Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "96" of the Complaint and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff

being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant further denies the allegations in footnote "8" of the Complaint, except admits the existence of the Consent Decree and respectfully refers the Court to the Consent Decree for its contents.

97.    As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (DE 60, at 9), including the entirety of the 2012 post-exam process.  And so, a responsive pleading to paragraph "97" is not required. Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "97" of the Complaint, except admits Plaintiff purports to rely on certain statistical data and, avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.

98.    As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the entirety of the 2012 post-exam process.  And so, a responsive pleading to paragraph "98" is not required. Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "98" of the Complaint, except admits Plaintiff purports to rely on certain statistical data, the accuracy of which Defendant does not concede, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which

purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.

99.     Answering paragraph "99" of the Complaint, avers that pursuant to the Order, Plaintiff lacks standing to bring claims therein alleged, that Plaintiff has failed and refused to allege in light of the Order, any specific employment practice which Plaintiff contends is discriminatory, which Plaintiff has standing to bring and this Court has jurisdiction to hear and decide in this lawsuit, and that without Plaintiff being ordered to file an Amended Answer, Defendant is denied due process of law in violation of the United States Constitution. As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the entirety of the 2012 post-exam process. And so, a responsive pleading to paragraph "99" is not required. Without prejudice to the foregoing to the extent a response is required, Defendant denies the allegations in paragraph "99" of the Complaint.

100.     As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the entirety of the 2012 post-exam process. And so, a responsive pleading to paragraph "100" is not required. Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "100" of the Complaint and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff

being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.

101.    As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the entirety of the 2012 post-exam process.  And so, a responsive pleading to paragraph "101" is not required. Without prejudice to the foregoing, to the extent a response is reqired, Defendant denies all allegations in paragraph "101" of the Complaint and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.

102.    As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the entirety of the 2012 post-exam process.  And so, a responsive pleading to paragraph "102" is not required. Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "102" of the Complaint and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.

103.    As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the entirety of the 2012 post-exam process.  And so, a responsive pleading to paragraph "103" is not required. Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "103" of the Complaint and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.

104.    As a result of the Order, Plaintiff lacks standing to challenge portions of the post-exam process he "either passed or did not experience at all" (Ex. A, at 9), including the entirety of the 2012 post-exam process.  And so, a responsive pleading to paragraph "104" is not required. Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "104" of the Complaint and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.

*2018 Hiring Exam*

105.    Answering paragraph "105" of the Complaint, avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff

arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "105" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "105" of the Complaint.

106.    Answering paragraph "106," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of paragraph "106" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring, and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the

foregoing, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "106" of the Complaint, except admits Plaintiff purports to rely on certain hiring data and, without conceding the accuracy of the data, respectfully refers the Court to the data for its contents.

107.    Answering paragraph "107," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "107" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "107" of the Complaint, except admits Plaintiff purports to rely on certain hiring data and, without conceding the accuracy of the data, respectfully refers the Court to the data for its contents.

108.    Answering paragraph "108," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at

the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "108" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "108" of the Complaint, except admits Plaintiff purports to rely on certain hiring data, and, without conceding the accuracy of the data, respectfully refers the Court to the data for its contents.

109.    Answering paragraph "109," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "109" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without

Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "109" of the Complaint, except denies the allegation that the "differences in the above-referenced outcomes . . . are, again, not the result of mere chance."

110.    Answering paragraph "110," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations in paragraph "110" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant denies the allegations in paragraph "110" of the Complaint.

*Defendants' Response to the Newsday Article is to*
*Maintain the Status Quo of Racial Discrimination*

111.    Answering paragraph "111," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of

law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "111" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "111" of the Complaint, except denies any "historical truths" with respect to the Consent Decree.

112.    Answering paragraph "112," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "112" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the

foregoing, Defendant denies the allegations in paragraph "112" of the Complaint, except admits the *Newsday* Report was published on May 27, 2021, and, without conceding the accuracy of the statements or statistics therein, respectfully refers the Court to the *Newsday* Report for its contents.

113.    Answering paragraph "113," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "113" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "113" of the Complaint, except admits the existence of the *Newsday* Report and, without conceding the accuracy of the statements or statistics therein, respectfully refers the Court to the *Newsday* Report for its contents.

114.    Answering paragraph "114," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of

law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that

the allegations in paragraph "114" seek to impose racial quotas in hiring which are unlawful under

the New York State and United States Constitutions, and avers that Plaintiff has failed and refused

to allege or otherwise identify any employment practice of Defendant which purportedly resulted

in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the

standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without

Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied

due process of law in violation of the United States Constitution.  Without prejudice to the

foregoing, Defendant denies knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph "114" of the Complaint, except admits the existence of the *Newsday*

Report and, without conceding the accuracy of the statements or statistics therein, respectfully

refers the Court to the *Newsday* Report for its contents.

115.    Answering paragraph "115," avers that Plaintiff lacks standing to bring, and this

Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or

in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at

the 2018 cycle background investigation phase based on a pattern of disrespect for the process of

law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that

the allegations in paragraph "115" seek to impose racial quotas in hiring which are unlawful under

the New York State and United States Constitutions, and avers that Plaintiff has failed and refused

to allege or otherwise identify any employment practice of Defendant which purportedly resulted

in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the

standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without

Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied

due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "115" of the Complaint, except admits the existence of the *Newsday* Report and, without conceding the accuracy of the statements or statistics therein, respectfully refers the Court to the *Newsday* Report for its contents.

116. Answering paragraph "116," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations in paragraph "116" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "116" of the Complaint, except admits the existence of the *Newsday* Report and, without conceding the accuracy of the statements or statistics therein, respectfully refers the Court to the *Newsday* Report for its contents.

117. Answering paragraph "117," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or

in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "117" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "117" of the Complaint.

118.    Answering paragraph "118," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "118" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the

foregoing, Defendant denies the allegations in paragraph "118" of the Complaint, except admits that a number of committees were formed in connection with diversity within the NCPD.

119.    Answering paragraph "119," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "119" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "119" of the Complaint.

120.    Answering paragraph "120," refers to and incorporates paragraph "1" of this Answer as if set forth in full, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "120" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or

otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant denies the allegations in paragraph "120" of the Complaint.

121.    Answering paragraph "121," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations in paragraph "121" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant denies the allegations in paragraph "121" of the Complaint, except admits Commissioner Ryder participated in an interview with *Newsday* and respectfully refers the Court to the full interview for its contents.

122.    Answering paragraph "122," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or

in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "122" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.   Without prejudice to the foregoing, Defendant denies the allegations in paragraph "122" of the Complaint, except admits Commissioner Ryder participated in an interview with *Newsday* and respectfully refers the Court to the full interview for its contents.

123.    Answering paragraph "123," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "123" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without

Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant denies the allegations in paragraph "123" of the Complaint, except admits certain individuals and civil rights organizations, including Plaintiff's counsel, sought Commissioner Ryder's resignation and that Commissioner Ryder did not resign.

124. Answering paragraph "124," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations in paragraph "124" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant denies the allegations in paragraph "124" of the Complaint, except admits Commissioner Ryder participated in an interview with *Newsday* and respectfully refers the Court to the full interview for its contents.

125. Answering paragraph "125," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at

the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations in paragraph "125" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant denies the allegations in paragraph "125" of the Complaint, except admits Plaintiff purports to quote, without citation, a report allegedly published by *Gothamist* and, without conceding the accuracy of the statements or data therein, respectfully refers the Court to the uncited *Gothamist* report for its contents.

126.    Answering paragraph "126," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations in paragraph "126" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff

being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "126" of the Complaint, except admits certain civil rights organizations and individuals, including Plaintiff's counsel, sought Commissioner Ryder's resignation.  Defendant further admits that, while not relevant to this Action, the Nassau County legislature approved a settlement offer to the plaintiff in *Sharpe v. County of Nassau, et al.*, 15-cv-6446(HG)(AYS), with no admission of liability or wrongdoing, and respectfully refers the Court to the docket in that action for its contents.

127.    Answering paragraph "127," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "127" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "127" of the Complaint, except admits Plaintiff purports to quote, without citation, a report allegedly published by *Gothamist* and, without

conceding the accuracy of the statements or data therein, respectfully refers the Court to that document for its contents.

128.    Answering paragraph "128," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "128" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "128" of the Complaint, except admits Plaintiff purports to quote, without citation, a report allegedly published by *Gothamist* and, without conceding the accuracy of the statements or data therein, respectfully refers the Court to that document for its contents.

129.    Answering paragraph "129," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that

the allegations in paragraph "129" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "129" of the Complaint, except admits Plaintiff references, without citation, an article allegedly published by *Newsday* in 2018 and, without conceding the accuracy of the statements or data therein, respectfully refers the Court to that document for its contents.

130.    Answering paragraph "130," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "130" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the

foregoing, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "130" of the Complaint, except admits Plaintiff purports to quote an unknown document or source.

131.    Answering paragraph "131," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "131" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "131" and footnote "9" of the Complaint.

## RESPONSE TO CLASS ACTION ALLEGATIONS

132.    Paragraph 132 makes allegations inconsistent with and not maintainable after the Order because, among other things, Plaintiff has no standing to assert, and this Court has no jurisdiction to hear and determine, certification of any class described or purportedly described in paragraphs "132" through "141" of the Complaint.  Without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is deprived of any notice of the class, if any, Plaintiff purports to represent in violation of the due process clause of the United States

Constitution and there is no case or controversy before this Court with respect to what class, if any, Plaintiff purports to represent.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "132" of the Complaint.  Moreover, as a result of the Order, which itself states it has "significant[ly] narrow[ed]" the putative class which Plaintiff has standing to represent (Ex. A), and without prejudice to any of the foregoing, Defendant denies that the Action "may be brought . . . on behalf of a Class of all non-white applicants seeking to become [NCPD] officers who were disqualified for consideration by Defendants during the post-exam process in violation of § 1983 and the NYSHRL," as pursuant to the Order, Plaintiff lacks standing to represent such a class.

133.    Refers to and incorporates herein paragraph "132" of this Answer.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "133" of the Complaint. Moreover, as a result of the Order, which itself states it "significant[ly] narrow[ed]" the putative class for which Plaintiff has standing to represent, and without prejudice to the foregoing, Defendant denies that the Action may be brought "on behalf of a Class of all non-white applicants seeking to become [NCPD] officers who were disqualified for consideration by Defendants during the post-exam process in violation of § 1983 and the NYSHRL," as pursuant to the Order, Plaintiff lacks standing to represent such a class.

134.    Refers to and incorporates herein paragraph "132" of this Answer.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "134" of the Complaint, except admits Plaintiff purports to rely on certain hiring data, and avers that Plaintiff lacks standing, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect

for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "134" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which resulted in the alleged statistics and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.

135.    Refers to and incorporates herein paragraph "132" of this Answer, and avers that Plaintiff lacks standing, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant denies the allegations in paragraph "135" of the Complaint.

136.     Refers to and incorporates herein paragraph "132" of this Answer.   Without prejudice to the foregoing, paragraph "136" of the Complaint, including in subparagraphs "136(a)" through "136(e)," state legal conclusions to which no response is required.   Defendant avers that Plaintiff lacks standing, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.   Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, to the extent a response is required, Defendant denies the allegations in paragraph "136" of the Complaint.

137.     Refers to and incorporates herein paragraph "132" of this Answer.   Without prejudice to the foregoing, Defendant denies the allegations in paragraph "137" of the Complaint, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.   Defendant further avers that the allegations in paragraph "137" seek to

impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.

138.    Refers to and incorporates herein paragraph "132" of this Answer.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "138" of the Complaint, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations in paragraph "138" seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.

139.    Refers to and incorporates herein paragraph "132" of this Answer.  Without prejudice to the foregoing, Defendant denies knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph "139" of the Complaint, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.

140. Refers to and incorporates herein paragraph "132" of this Answer. Without prejudice to the foregoing, Defendant denies the allegations in paragraph "140" of the Complaint, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has

the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.

141.    Refers to and incorporates herein paragraph "132" of this Answer.  Without prejudice to the foregoing, Defendant denies the allegations in paragraph "141" of the Complaint, and avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.

**RESPONSE TO COUNT ONE:**
**EQUAL PROTECTION VIOLATION, 14TH AMENDMENT, 42 U.S.C. § 1983**

142.    Answering paragraph "142," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that

the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein and otherwise repeats and realleges paragraphs "1" through "141" of this Answer as if fully set forth herein.

143.    Answering paragraph "143," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and avers that paragraph "143" of the Complaint states a legal conclusion to which no responsive pleading

is required, and the extent a responsive pleading is required, Defendant denies the allegations in paragraph "143" of the Complaint.

144.    Answering paragraph "144," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "144" of the Complaint, including the allegations in subparagraphs "144(a)" and "144(b)."

145.    Answering paragraph "145," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under

the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "145" of the Complaint, including the allegations in subparagraphs "145(a)" through "145(d)."

146. Answering paragraph "146," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "146" of the Complaint.

147.    Answering paragraph "146," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.   Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "147" of the Complaint.

148.    Answering paragraph "148," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which resulted in the alleged statistics and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider

in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "148" of the Complaint.

149.    Answering paragraph "149," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "149" of the Complaint.

150.    Answering paragraph "150," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that

the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer, and denies the allegations in paragraph "150" of the Complaint.

**RESPONSE TO COUNT TWO:**
**<u>NYS HUMAN RIGHTS LAW, N.Y. EXECUTIVE LAW § 296</u>**
***(Disparate Treatment)***

151.    Answering paragraph "151," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the

foregoing, Defendant refers to and incorporates herein and otherwise repeats and realleges its answers to paragraphs "1" through "150" as if fully set forth herein.

152.    Answering paragraph "152," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and avers paragraph "152" of the Complaint states a legal conclusion to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendant denies the allegations in paragraph "152" of the Complaint, except admits Plaintiff purports to allege claims under the New York State Human Rights Law ("NYSHRL") and respectfully refers the Court to the Complaint for its contents.

153.    Answering paragraph "153," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at

the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer, and denies the allegations in paragraph "153" of the Complaint.

154.    Answering paragraph "154," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the

foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and avers paragraph "154" of the Complaint states a legal conclusion to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendant denies the allegations in paragraph "154" of the Complaint.

155.     Answering paragraph "155," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "155" of the Complaint.

156.     Answering paragraph "156," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that

the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "156" of the Complaint.

157.    Answering paragraph "157," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "157" of the Complaint.

158.    Answering paragraph "158," avers that Plaintiff lacks standing, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution. Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "158" of the Complaint.

159.    Answering paragraph "159," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the

69

standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "159" of the Complaint.

160.    Answering paragraph "160," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "160" of the Complaint, except admits Plaintiff purports to seek relief on behalf of himself and the putative class, which was "significant[ly] narrow[ed]" by the Order, and respectfully refers the Court to the relief demanded in the Complaint for its contents.

### RESPONSE TO COUNT THREE:
### <u>NYS HUMAN RIGHTS LAW, N.Y. EXECUTIVE LAW § 296</u>
### (*Disparate Impact*)

161.    Answering paragraph "161," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer otherwise repeats and realleges its answers to paragraphs "1" through "160" as if fully set forth herein.

162.    Answering paragraph "162," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused

to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "162" of the Complaint, except admits Plaintiff purports to plead in the alternative, on behalf of himself and the putative class, a disparate impact claim under the NYSHRL, and respectfully refers the Court to the Complaint for its contents.

163.    Answering paragraph "163," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which have unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "163" of the Complaint.

164.     Answering paragraph "164," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.   Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "164" of the Complaint.

165.     Answering paragraph "165" avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the

standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "165" of the Complaint.

166.    Answering paragraph "166," avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and 2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant refers to and incorporates herein paragraph "132" of this Answer and denies the allegations in paragraph "166" of the Complaint, except admits Plaintiff purports to seek relief on behalf of himself and the putative class, which was "significant[ly] narrow[ed]" by the Order, and respectfully refers the Court to the relief demanded in the Complaint for its contents.

167.    Avers that Plaintiff lacks standing to bring, and this Court lacks jurisdiction to hear and decide in this lawsuit, any claims by Plaintiff arising out of or in connection with the 2012 and

2018 hiring cycles other than with respect to disqualifications at the 2018 cycle background investigation phase based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record.  Defendant further avers that the allegations of the Complaint seek to impose racial quotas in hiring which are unlawful under the New York State and United States Constitutions, and avers that Plaintiff has failed and refused to allege or otherwise identify any employment practice of Defendant which purportedly resulted in the statistics alleged and/or unlawful discrimination in hiring and which Plaintiff has the standing to raise and this Court has the jurisdiction to consider in this lawsuit, and that without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is denied due process of law in violation of the United States Constitution.  Without prejudice to the foregoing, Defendant denies each and every allegation in the Complaint to which a responsive pleading is required that is not otherwise responded to above, including all relief requested in the "Prayer for Relief."

## **AFFIRMATIVE DEFENSES**

By alleging the affirmative defenses set forth below, Defendant does not concede that this Court has jurisdiction or that Plaintiff has standing to bring any claim other than with respect to the 2018 hiring cycle background investigation phase disqualification based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record. Further, Defendant does not admit it has the burden of proof with respect to any of these defenses. Defendant has not knowingly or willingly waived any applicable affirmative defenses and reserves the right to amend or supplement such affirmative defenses as may become available by law, pursuant to statute, or based on information developed during discovery or investigation. With respect to each of the below affirmative defenses, Defendant incorporates by reference each of its responses to paragraphs "1" through "167" as if fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks individual and class standing to challenge portions of the post-exam process "either passed or did not experience at all." *See* Order (Ex. A), at 9. Specifically, Plaintiff lacks individual and class standing to challenge, on behalf of himself or the putative class, any portion of the hiring process other than disqualification at the background investigation stage of the 2018 hiring cycle based on a pattern of disrespect for the process of law and order as evidenced by an applicant's motor vehicle record, and this Court has no jurisdiction in this lawsuit to hear and decide any other claim. Without Plaintiff being ordered to file an Amended Complaint in light of the Order, Defendant is deprived of due process in violation of the United States Constitution while at the same time divesting this Court of any jurisdiction to proceed. There are no viable allegations before the Court specifying what particular employment practice of Defendant has purportedly resulted in the statistics alleged or unlawful discrimination in hiring, and no viable allegation with respect to any of the elements of Rule 23. As a result, there is no case or controversy before this Court with respect to these matters.

## THIRD AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim against Defendant under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant does not, and at all relevant times did not, have a policy, custom, or practice of discrimination.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not act with deliberate indifference to Plaintiff's alleged constitutional or statutory rights.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries were not caused by any decision or action by an official with policymaking authority.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries were not caused by Defendant's alleged failure to train and/or supervise its agents and/or employees.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant may not be held vicariously liable for the alleged actions of its agents and/or employees in any action brought under 42 U.S.C. § 1983.

### NINTH AFFIRMATIVE DEFENSE

Defendant may not be held liable under a theory of *respondeat superior* for the alleged actions of its agents and/or employees in any action brought under 42 U.S.C. § 1983.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege facts sufficient to constitute a deprivation of any constitutional right or any other basis for a civil rights claim.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege any specific employment practice by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's failure to perform all conditions precent to suit or to exhaust all administrative remedies, or both.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the Complaint, Defendant's conduct was reasonable, proper, lawful, constitutional, made in good faith for non-discriminatory, legitimate business reasons, and without malice or willful intent to violate any applicable statute, law, rule, or regulation.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any damages claims contained in the Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate his alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

The class claims purportedly asserted on behalf of all persons other than Plaintiff are barred because Plaintiff cannot satisfy the numerosity, commonality, typicality, or adequacy requirements of Rule 23(a) and *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 334 (2011).

## SIXTEENTH AFFIRMATIVE DEFENSE

The class claims purportedly asserted on behalf of all persons other than Plaintiff are barred because Plaintiff cannot satisfy the predominance or superiority requirements of Rule 23(b) and *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 334 (2011).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant reserves all affirmative or other defenses that it may have against the purported class. It is not necessary at this time for Defendant to delineate such defenses against the purported

class because no such class has been certified and the putative class members are not parties to the Action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Each and every employment practice of Defendant which Plaintiff has standing to challenge in this lawsuit, if any, is proper, job related, and justified by business necessity.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff or any potential class member purports to assert any claim arising from the 2012 hiring cycle, in addition to lacking standing to assert such claims, such claims are barred, in whole or in part, by the statute of limitations.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks an order restoring himself and/or any purported class member to any expired eligibility list.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter, and hereby reserves its right to amend its Answer and to assert any such defense.

## PRAYER FOR RELIEF

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, and awarding costs and reasonable attorneys' fees, including, but not limited to, fee shifting under 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

Dated:  December 17, 2024
       Garden City, New York

                                  Respectfully submitted,

                                  GREENBERG TRAURIG, LLP

By:    s/ *Jonathan L. Sulds*
                    Jonathan L. Sulds
                    Mark J. Lesko
                    Tiffany S. Fordyce (*pro hac vice*)
                    Kathryn C. Cole
                    Paige D. Bartholomew
                900 Stewart Avenue, 5th Floor
                Garden City, New York 11530
                (516) 629-9600

                *Attorneys for Defendant*
                *County of Nassau*