PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

DIRECT DIAL: +1 212 373 3250
EMAIL: LREISNER@PAULWEISS.COM

BRUSSELS
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

March 28, 2025

**VIA ECF**

Honorable Lee G. Dunst
United States District Court, E.D.N.Y.
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

Re: *Myers* v. *County of Nassau*, No. 22-cv-07023-SJB-LGD (E.D.N.Y.)

Dear Magistrate Judge Dunst:

Pursuant to the Court's November 17, 2024, and January 15, 2025 Orders (ECF Nos. 75, 81), the parties, by their respective counsel, respectfully submit this Joint Status Report to the Court.

## Document Productions

The parties have continued to exchange materials responsive to document requests.

## Depositions

The Parties have completed depositions pursuant to Rule 30(b)(6) as to fifteen of the twenty-two topics noticed by Plaintiff on December 24, 2024, with the most recent taking place on March 24, 2025. Consistent with the Court's Order dated January 15, 2025 (ECF No. 81), Plaintiff is evaluating the need for testimony as to the remaining topics in view of the recent depositions. Plaintiff noticed the depositions of six additional fact witnesses on February 7, 2025. Three of these depositions have taken place, and the Parties have agreed on dates for the remainder. Plaintiff is evaluating the need for additional fact depositions, which counsel anticipates being able to schedule and conclude prior to the scheduled close of fact discovery.

## Plaintiff's Anticipated Motion for Leave to Amend

### *Plaintiff's Position*

On January 25, 2025 Defendant substantially completed its rolling production of unredacted versions of GRRs, supplements to the GRRs, and related emails discussing applicants for the 2018 cycle and background investigation files (including applicant names) for those

applicants disqualified during the 2018 cycle based on disrespect for the process of law for any underlying reason. ECF No. 82. In these productions, Defendant continued to redact contact information for the relevant applicants. Following a diligent review of Defendant's productions, including an independent public records search for contact information of potential class members, Plaintiff's counsel identified at least one putative class member who has since requested to join as a named plaintiff, and on March 27, 2025, soon after this putative class member confirmed his intent to join this litigation as a named plaintiff, Plaintiff's counsel informed Defendant of their intent to amend the complaint.

While the scheduled deadline for filing an amended complaint has passed, prior to receiving this discovery with the names of potential class members and relevant information about these potential class members, Plaintiff's counsel did not have the necessary information to effectively search for and locate potential class members. There is, therefore, good cause to grant Plaintiff's request for leave to amend the complaint. Courts typically find good cause and grant leave to amend where a party learns facts through discovery that were unavailable prior to the applicable deadline. *See, e.g.*, *Port Auth. Police Benevolent Ass'n, Inc.* v. *Port Auth. of New York & New Jersey*, No. 15-CV-3526 (AJN), 2016 WL 6083956, at *5 (S.D.N.Y. Oct. 17, 2016) (citing *Morales* v. *Cnty. of Suffolk*, 952 F. Supp. 2d 433, 435 (E.D.N.Y. 2013)). Nor would there be any prejudice to Defendant. Fact discovery does not close until June 2, 2025, and the Court has already permitted Defendant to engage in supplemental targeted class discovery until September 15, 2025. Plaintiff's counsel has indicated that they are willing to accommodate early discovery requests that Defendant may have regarding this proposed additional named plaintiff, and Plaintiff's counsel is willing to entertain targeted and limited extensions to the discovery schedule to allow Defendant to explore additional discovery as to this single additional named plaintiff.

Plaintiff anticipates promptly filing a motion for leave to amend the Complaint.

### ***Defendant's Position***

On March 27, 2025, Plaintiff informed Defendant for the first time of Plaintiff's intention to file an amended Complaint. On March 28, 2025, Defendant requested that Plaintiff provide a copy of the proposed amended complaint so that Defendant can assess, among other things, whether motion practice will be necessary. In response, Plaintiff advised it will provide a draft of the proposed amended complaint "when ready."

Because Plaintiff only informed Defendant yesterday of his intention to amend the Complaint, the deadline for such amendments having been December 8, 2023 (ECF No. 23), Defendant does not yet know: the nature and extent of Plaintiff's anticipated amendments, to what extent the proposed amendments will necessitate motion practice, whether the amendments will necessitate a further adjournment of the current discovery deadlines to allow for party and non-party relevant discovery and depositions. For example, the deposition of Plaintiff has been noticed since October 11, 2024, with no scheduled date yet agreed to as counsel awaits receipt from the New York Police Department of records relevant to Plaintiff's deposition, including, among other

things, his application to the New York City Police Department, which Defendant was required to secure by subpoena served on February 11, 2025.[1]

Moreover, in response to counsel's statements above, Defendant notes Plaintiff has been in possession of the aforementioned applicant background investigation files since December 2024, not January 25, 2025, and that all redactions were made consistent with this Court's November 4, 2024 Order permitting the redaction of personal identifying information. (ECF No. 73.)

Until Defendant receives a copy of the proposed Amended Complaint, Defendant reserves all rights to oppose Plaintiff's anticipated motion, but notes that Plaintiff has failed to explain why he did not seek an extension of the December 8, 2023 deadline to amend his Complaint, or why he did not alert the Court to this potential issue in prior joint status reports, despite the foreseeability of the fact that document discovery would yield the names of additional prospective plaintiffs necessitating an amendment of the Complaint.

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP,
*Counsel for Plaintiff*

By: */s/ Lorin L. Reisner*
    Lorin L. Reisner

GREENBERG TRAURIG, LLP,
*Counsel for Plaintiff*

By: */s/ Mark J. Lesko*
    Mark J. Lesko

---

[1] We anticipate receipt of these documents in the coming few weeks and will work with counsel to schedule Plaintiff's deposition promptly thereafter.