PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

DIRECT DIAL: +1 212 373 3096
EMAIL: LVELAZQUEZ@PAULWEISS.COM

BRUSSELS
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

May 30, 2025

**VIA ECF**

Honorable Lee G. Dunst
United States District Court, E.D.N.Y.
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

Re: *Myers* v. *County of Nassau*, No. 22-cv-07023-SJB-LGD (E.D.N.Y.)

Dear Magistrate Judge Dunst:

Pursuant to the Court's May 5, 2025 Order, the parties, by their respective counsel, respectfully submit this Joint Status Report to the Court. For the reasons set forth below: (i) the Parties seek a two week adjournment of the close of fact discovery, from June 2 to June 16, 2025; and (ii) Plaintiff requests—and Defendant does not oppose—that the Court provide Plaintiff with the opportunity to take supplemental targeted discovery during the class certification motion briefing period, consistent with the opportunity afforded to Defendant pursuant to the Court's January 2, 2025 Order, and which would not result in any change to existing deadlines. The Parties otherwise remain on track to meet the upcoming deadlines set forth in the Court's November 17, 2024 and January 2, 2025 Orders. Plaintiff intends to seek bifurcation of liability and relief issues so that relief issues can be addressed after class certification and liability determinations are made. Defendant reserves its right to oppose this request.

**Document Productions and Written Discovery**

On May 2, 2025, Plaintiff propounded Plaintiff's First Set of Requests for Admission, Plaintiff's Fourth Set of Document Requests, and Plaintiff's Second Set of Interrogatories.[1] Defendant served on May 16, 2025, responses to Plaintiff's April 16, 2025 Second Set of Interrogatories. Defendant intends to timely respond to Plaintiff's remaining discovery requests by June 2, 2025. Counsel for Plaintiff will continue to review Defendant's responses and will engage with counsel in good faith to resolve issues, if any, without the need for Court intervention.

---

[1] Although erroneously styled as Plaintiff's Second Set of Interrogatories, the May 2, 2025 Interrogatories are Plaintiff's *Third* Set of Interrogatories. Plaintiff's Second Set of Interrogatories was served on April 16, 2025.

**Fact Depositions**

To date, Plaintiff has taken six depositions of Defendant's fact witnesses. The deposition of a seventh fact witness was conducted today, May 30, 2025. Two additional depositions of Defendant's fact witness depositions are scheduled for June 6 and June 9, 2025—after the close of fact discovery on June 2, 2025—to accommodate witness and counsel schedules. The Parties respectfully request the Court accommodate the scheduling of these depositions, which we do not anticipate will impact any other deadlines.

The parties have completed depositions pursuant to Rule 30(b)(6) as to fifteen of the twenty-two topics noticed initially by Plaintiff on September 11, 2024, and then again on November 22, 2024, and December 24, 2024, to reflect agreed upon deposition dates. On May 13, 2025, Plaintiff served an amended Rule 30(b)(6) notice, which included an additional topic seeking Defendant's testimony concerning a document produced by Defendant on January 24, 2024, which purports to represent the number of police officer applicants and their associated outcomes at each stage of the post-exam process. Defendant considers this amended 30(b)(6) notice akin to a second 30(b)(6) notice and thus a second deposition of the same person (the corporation) and potentially subject to Fed. R. Civ. P. 30(a)(2)(A)(ii). It is Defendant's position that, excluding the amended 30(b)(6) notice, Plaintiff has taken, or is scheduled to take the statutorily permitted ten depositions under Fed. R. Civ. P. 30(a)(2)(A)(i). Plaintiff disagrees. However, to avoid burdening the Court, the parties are exploring whether a negotiated stipulation may resolve the issue.

Plaintiff's deposition was conducted on May 15, 2025.

**Expert Depositions**

As provided in the Court's November 17, 2024 and January 2, 2025 Orders, the parties will meet and confer in good faith about the scheduling of expert depositions for any expert reports exchanged during class certification briefing.

**Plaintiff's Unopposed Request for a Targeted Supplemental Discovery Period During Class Certification Briefing**

On May 28, 2025, Defendant served amended initial disclosures, identifying five additional individuals likely to have discoverable information that Defendant may use in support of its claims or defenses. Given these additional disclosures were made in the final week of fact discovery, Plaintiff is left without adequate time to seek judicial leave to exceed the deposition limits set forth in Fed. R. Civ. P. 30(a). The Court has provided Defendant with the opportunity to take supplemental targeted class discovery for one month after Defendant's receipt of Plaintiff's motion for class certification, assuming there is a good faith basis for it. (ECF No. 79.) Plaintiff seeks an equivalent opportunity to engage in supplemental targeted discovery for one month after Plaintiff's receipt of Defendant's opposition to Plaintiff's class certification motion, assuming there is a good faith basis for it, such as if Defendant presents any testimony, statements, affidavits, or evidence

from these five individuals in connection with class certification briefing. Defendant does not oppose this request.

**Plaintiff's Intention to Seek Bifurcation of Relief Phase from Liability Phase**

Given that the determination of liability (with respect to the named plaintiff and the putative class) presents issues which are precursors to, and separable from, the determination of damages and other forms of relief, Plaintiff believes that it would be efficient for the parties and the Court to bifurcate and defer issues of damages and other forms of relief. *See, e.g.*, *United States* v. *City of New York*, No. 07-CV-2067 NGG, 2007 WL 2581911, at *2 (E.D.N.Y. Sept. 5, 2007) ("Here, without bifurcation, substantial time and expense necessary for trial of relief issues would be wasted if Defendant New York City were to prevail on liability."); *Robinson* v. *Metro-North Commuter R.R. Co.*, 267 F.3d 147, 168 (2d Cir.2001) ("[L]itigating the pattern-or-practice liability phase [first] . . . would both reduce the range of issues in dispute and promote judicial economy"); *see also* Manual for Complex Litigation (4th) § 32.45 ("Employment discrimination class actions have commonly been tried in separate stages under Rule 42(b)"). It is Plaintiff's position that the Court's decisions on the forthcoming motion for class certification—whether a class (or subclasses) will be certified and, if so, its or their size and scope—will impact the monetary and non-monetary relief Plaintiff seeks and any related expert reports. Similarly, the Court's decision on liability issues will impact whether there is a need for the Court to address relief issues at all. At this time, Plaintiff has propounded requests for production of documents concerning damages, and Defendant has indicated that it intends to respond to those requests, but expert discovery as to damages and relief has yet to occur.

Accordingly, pursuant to Federal Rule Civil Procedure 42(b), Plaintiff intends to move this Court for an order bifurcating all proceedings in this case into a liability and a relief phase, with the relief proceedings to commence only after a liability finding, if any. Should Defendant be found liable on any of Plaintiff's claims, the parties would engage in targeted supplemental fact discovery (if needed) and expert discovery specific to determining appropriate relief, including damages. Defendant has indicated that, at this time, it is not inclined to join in this request and expressly reserves its right to oppose this request.

Respectfully submitted,

| | |
|---|---|
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, *Counsel for Plaintiff* | GREENBERG TRAURIG, LLP, *Counsel for Defendant* |
| By: */s/ Liza M. Velazquez*<br>      Liza M. Velazquez | By: */s/ Kathryn C. Cole*<br>      Kathryn C. Cole |