UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
JHISAIAH MYERS, on behalf of himself and all
others similarly situated,

                          Plaintiff,

v.

COUNTY OF NASSAU,

                          Defendant.
------------------------------------------------------------X

**ORDER**

2:22-cv-7023 (SJB)(LGD)

**LEE G. DUNST**, Magistrate Judge:

       The parties agree as to the operative schedule in this case regarding class certification and expert discovery.  *See* Electronic Order, dated November 17, 2024; Electronic Order, dated January 2, 2025; Electronic Order, dated June 20, 2025.  However, Defendant now requests that the Court "amend the current class certification briefing schedule to allow for the completion of expert discovery prior to completing briefing on Plaintiff's Motion for Class Certification."  ECF No. 100 at 1.  Plaintiff opposes the request.  Defendant contends that Plaintiff's Class Certification Motion "relies heavily upon the opinions of his three experts" and, as a result, the schedule should be amended "so that Defendant has a full opportunity to challenge Plaintiff's experts."  *Id.* at 2 ("[T]hese expert submissions are integral to the [Class Certification] Motion."); ECF No. 99 at 3 n.6 (claiming that "the submissions of Plaintiff's experts constitute a *significant* part of the evidence supporting Plaintiff's Motion") (emphasis in original).

       Plaintiff opposes Defendant's request for "a ten-week delay to explore potential *Daubert* challenges based on the inaccurate claim that Plaintiff's Motion 'relies heavily on' his expert reports."  ECF No. 100 at 5.  In disputing Defendant's claim that Plaintiff's experts are "integral"

to the Class Certification Motion, Plaintiff represents to the undersigned that "Plaintiff's Motion relies upon the extensive factual record in this case, including the deposition testimony of fact witnesses, dozens of documents, and voluminous data—all of which demonstrate that the Rule 23 requirements are met." *Id.* at 5; *see* ECF No. 99 at 2-3 ("Defendant is incorrect that Plaintiff's Motion 'relies heavily' on expert opinion; in fact, the Motion relies heavily on the extensive factual record developed during discovery.").

Defendant is correct that, as a general matter, courts often consider motions to exclude expert testimony at or about the same time as class certification motions that rely heavily on such expert opinions. *See City of Philadelphia v. Banc of Am. Sec. LLC*, No. 24-297, 2025 WL 2180607, at *3 (2d Cir. Aug. 1, 2025) (noting that "the district court properly proceeded in two stages, first determining that Plaintiffs-Appellees' expert testimony was admissible under *Daubert*, and then examining both sets of expert reports to conclude that common issues of law and fact predominated at trial"). However, that two-stage approach is not necessarily mandatory in cases where the expert opinions are tangential to the class certification motion. *See City of Philadelphia v. Bank of Am. Corp.*, No. 19-CV-1608, at *1, 2023 WL 6160534 (S.D.N.Y. Sept. 21, 2023) (in seeking to "preclude some or all of the testimony of two experts upon whom Plaintiffs rely in seeking class certification[, . . .] Defendants' *primary* — albeit not only — argument in opposition to Plaintiffs' motion rests on their *Daubert* motions") (emphasis added); *see id.* at 3 ("The only Rule 23 requirement that Defendants contest in this case is predominance . . . [and] [*w*]*hether Plaintiffs satisfy that requirement turns largely* — albeit, as discussed below, not entirely — *on whether their expert models on class-wide impact are admissible.*") (emphasis added), *aff'd sub nom. City of Philadelphia v. Banc of Am. Sec. LLC*, No. 24-297, 2025 WL 2180607 (2d Cir. Aug. 1, 2025).

2

Here, in opposing Defendant's request to adjust the expert discovery deadline and briefing schedules for class certification and potential *Daubert* challenges to Plaintiff's experts, Plaintiff **repeatedly** represents to the Court that he does **not** "rely heavily" on these experts in seeking class certification and instead "relies heavily" on the factual record.  The Court has no reason to question Plaintiff's representation to the undersigned about his limited reliance, if any, on his experts in connection with seeking certification of the class by District Judge Sanket J. Bulsara.  In light of Plaintiff's representations (as well as the need to move this nearly three-year old case forward), the Court DENIES Defendant's Motion (ECF No. 100).

Finally, the parties' prior history of a "litigative tsunami" (with excessive disputes requiring constant judicial intervention) is well documented in this case.  ECF No. 81 (January 15, 2025 Order).  The dispute addressed above (which resulted in the filing of two joint letters over a four-day period, totaling eleven pages with twenty footnotes) is just the most recent example of the parties' approach to this case.  As detailed in the undersigned's January 15, 2025 Order, the Court has broad discretion and substantial inherent authority to manage cases in an efficient and expeditious manner.  It is therefore ORDERED that, unless otherwise directed by the undersigned, any future joint submissions to the undersigned are limited to four pages, any submissions by one party to the undersigned are limited to two pages, and no footnotes are permitted in any submissions to the undersigned.  These limitations do not apply to the parties' submissions to Judge Bulsara.

Dated: Central Islip, New York
September 26, 2025

**SO ORDERED**:

       /s/ Lee G. Dunst       
**LEE G. DUNST**
United States Magistrate Judge